FILED

2018 MAR 30 PM 4: 14

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

BRADLEY JERROLD BOSCHMA
Email: bradleyboschma@gmail.com
26930 Whitehorse Place
Canyon Country, California 91387
Phone: (661) 645-1564
Plaintiff In Pro Se

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY JERROLD BOSCHMA, | Case No.: **CV18-02623**-VAP(KK) |
| Plaintiff, | COMPLAINT FOR INJUNCTION; |
| vs. | CIVIL RIGHTS COMPLAINT; |
| BUREAU OF ALCOHOL, TOBACCO, | 42 U.S.C. § 1983: FIRST AMENDMENT AND SECOND AMENDMENT |
| FIREARMS AND EXPLOSIVES; | |
| and | NO JURY TRIAL |
| UNITED STATES DEPARTMENT OF | Hearing Date: |
| JUSTICE | Hearing Time: |
| Defendant(s) | |

## JURISDICTION AND VENUE

1.   This is an action for injunctive relief pursuant to 42 U.S.C. § 1983 based upon the continuing violations of Plaintiff's rights under the First Amendment to the United States Constitution.   Jurisdiction exists

1

pursuant to 28 U.S.C. § 1331 based on 42 U.S.C. §1983 and questions of federal constitutional law.

2. Venue is proper in the Central District of California in that the events and conduct complained of happened in the central district of California, as well as every other district in the United States. Plaintiff requests that venue is proper in California because he resides in the central district of California and was harmed there and continues to be harmed there.

## FACTS OF THE COMPLAINT

1. Plaintiff cannot properly assert his First Amendment rights to free speech and peaceable assembly in a public area due to the threat of gun violence.

2. Plaintiff is a non-gun owner who has been harmed because the ownership and use of semi-automatic assault weapons and various other guns, including registered firearms carried under a permit to carry, by citizens and criminals in public arenas has chilled his Freedom of Speech in a public arena or area, which Plaintiff believes is a direct violation of his fundamental rights guaranteed by the First Amendment of the Constitution.

3. The court may take judicial notice of the 31 public-school shootings since Columbine.

4.   Plaintiff believes that as a matter of public policy, those citizens who wish to practice freedom of speech and assembly through various means including but not limited to sending their children to school, going to night clubs, going to church, going to public music concerts, walking the streets of their towns and cities, and any other means of peaceable assembly is damaged, quashed and chilled by the allowance of citizens to carry and possess guns.

5.   The court may take judicial notice of the many "Lone Wolf" attacks on the innocent citizens of the United States, most recently the Las Vegas Shooting, the Orlando Massacre, the San Bernardino shootings, and the Arizona Shooting that left Congresswoman Gabby Giffords permanently disabled; and various other gun violent shootings of innocent citizens.

6.   The court may take judicial notice of the trend in the United States allowing gun violence on the streets, which leads to innocent deaths of innocent citizens.

7.   Plaintiff is continuously harmed as a non-gun owner who is afraid of gun violence and cannot properly practice his freedoms of speech and assembly in a public arena due to the threat of gun violence in said public arenas.

8.   Plaintiff's fear of being shot on the streets or involved in a gun violent incident is reasonable and actionable.

3

9.    Defendants, BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES (herein "ATF") and UNITED STATES DEPARTMENT OF JUSTICE (herein "DOJ"), have the full governmental authority to regulate guns and gun safety pursuant to statutes enacted by Congress.

10.    The court may take judicial notice of the recent marches by the people of the United States in response to the failure of Congress to enact proper gun control legislation.

## SUMMARY OF ARGUMENTS

The federal question to be answered by the court is whether the Plaintiff's freedom of speech, freedom of peaceable assembly and freedom to travel include the freedom to be safe in the public arena, and whether if those First Amendment freedoms are threatened by the Second Amendment freedoms of other citizens, should that threat to his liberty be avoided if that threat can be can be avoided. Systematically speaking, Plaintiff alleges that the Second Amendment does not

take precedent over the First Amendment. The First Amendment and Second Amendment read as follows:

First Amendment: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances."

Second Amendment: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

Plaintiff alleges that the abuse by United States citizens possessing guns and using guns under the veil of the Second Amendment has placed a chilling effect upon his freedom under the First Amendment to peaceably assemble, and his freedom to speak and assemble in public places; such speech and assembly in a public forum being protected by the First Amendment.

Plaintiff is apprehensive, and downright scared, to exercise his freedoms of speech in a public forum and to assemble in public places of all kinds since the Second Amendment allows guns and weapons to be used by the citizens. Although the Right to Bear Arms is a protected right, limited in public arenas, the threat remains because the gun-owning people can use their weapons against the statutory laws and city ordinances. Although they may be punished for use of a weapon in a public arena, there is no constitutional deterrence for the offenders to be regulated and stopped.

The United States Supreme Court held in <u>District of Columbia v. Heller</u>, 478 F. 3d 370 (2008), that the Second Amendment allows the individual citizens of the United States the right to bear arms. Although the court struck down in that decision the proposed ban on the Second Amendment, times have changed and a new look at the problem must be taken considering the unending gun violence in the United States and the will of the people to challenge the Amendment. Plaintiff

specifically argues that the Second Amendment should not be read as it was in *Heller* in a linguistic, or semantic, formulation. Plaintiff argues that the Second Amendment does not allow the use of *any* weapon of choice as the court held in *Heller*. Such a line of reasoning would allow protected citizens to harbor and use nuclear weapons under the Second Amendment. This clearly was not the intent of the Framers when they envisioned the right to bear arms. At the time of the formation of the Bill of Rights, weaponry was mainly limited to single shot muskets that took minutes to reload. These days, we are plagued with assault rifles that can fire 50 or more shots in a single magazine. Additionally, the militia *was* the Army, Navy, and police force during early colonial times. Today, we have a national guard, a full military and state and local police forces to do the duty of what was once left up to the militia. The militia in present times is non-existent. Therefore, the right to bear arms, when not analyzed as a right to further the

proliferation of a militia, is abridged entirely by the fact that we no longer have militias in the United States. Plaintiff argues that the police forces, national guard, and military have taken the place of the militia and therefore have invalidated the right of the population to argue they are the militia. Thus, the people do not have a right to bear arms under the guise of a militia, as the Amendment intended when it was written. For a detailed look on the semantics of the reading of the Second Amendment please see *Heller*.

This leads us to a discussion on whether the First Amendment Freedoms take precedence over the Second Amendment Right to Bear Arms. This is the crux of the case that plaintiff asserts. The most important Amendment in the Bill of Rights is the First Amendment. The First Amendment protects our republic and allows the people to public discourse on political agendas such as the state of the union and the choosing of proper leaders under the Constitutional mandates to elect the officials the people should so choose to

elect.    The  First  Amendment  allows  us  to  operate  our free  country.    Likewise,  the  First  Amendment  values those  freedoms  so  dear  to  our  nation  that  without  it, we  would  not  be  a  free  society.    As  discussed  above, the  Second  Amendment  was  originally  enacted  to  allow the  citizens  to  protect  the  emerging  nation.    Times have  changed.    While  the  First  Amendment  has  grown  into a  protection  of  our  most  fundamental  rights,  the  Second Amendment  has  become  a  politicized  right  to  do  whatever you  want  whenever  you  want  to  do  it  if  you  have  a  gun. This  dangerous  form  of  anarchy  is  a  threat  to  our  civil rights  as  a  country  overall  and  to  citizens individually,  including  the  plaintiff.    Plaintiff  prays that  the  court  invalidate  and  declare  the  Second Amendment  unconstitutional  based  upon  the  fact  that "Congress  shall  make  no  law...abridging  the  freedom  of speech...or  the  right  of  the  people  peaceably  to assemble."

/

/

## CLAIM 1

**STANDING:** There are three requirements for Article III standing: (1) injury in fact, which means an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal relationship between the injury and the challenged conduct, which means that the injury fairly can be traced to the challenged action of the defendant, and has not resulted from the independent action of some third party not before the court; and (3) a likelihood that the injury will be redressed by a favorable decision, which means that the prospect of obtaining relief from the injury as a result of a favorable ruling is not too speculative. Lujan v. Defenders of Wildlife, 112 S. Ct. 2130, 2136 (1992).

(1) Plaintiff has suffered an injury in fact, or an invasion of a legally protected interest, because he has lost his right to freedoms of speech and peaceable assembly in a public arena with the guarantee that he

will be safe in that public arena, whatever that public arena may be. Plaintiff argues that the loss of freedom is both concrete and particularized because there has been a past inclination of severe gun violence in too many places to count within the jurisdiction of the United States. Plaintiff argues that he does not have to prove that a violent attack will strike him; all that is needed is the proof that it could happen to him if he is in the wrong place at the right time. Defendants ATF and DOJ hold the sole responsibility to enforce the gun laws, which arguable are not sufficient to promote the safety of Plaintiff and the public at large, thus causing the injury to occur continuously. The injury itself, although not a present physical one, is a violation, or chilling of the Plaintiff's First Amendment Rights and it is imminent because the public at large, including plaintiff is continuously at risk of many more public shooting massacres.

(2) The injury fairly can be traced to the challenged action of the defendants because the defendants are the gatekeepers to enforcing the laws as proscribed by Congress. Plaintiff argues that this element of standing is shown through a failure by the defendants to properly stop gun violence. Therefore, defendants have the present ability to enforce the laws or find a way to stop gun violence under the color of law, and they failed to meet that requirement.

(3) Plaintiff's first claim for an injunction against the sale, use, possession, or ownership of all assault type weapons will go far to eliminate the injustice plaintiff has suffered. Although Congress has been silent on the issue, Plaintiff argues that the defendants must take reasonable steps to protect the people, including plaintiff, from gun violence and massacre type shootings. It is defendants' delegated executive duty under the Constitution through the Executive Branch to do so. A likelihood that the injury to the plaintiff will be redressed by a favorable

decision to injunct the defendants from allowing assault type weapons to be sold, owned, registered, or possessed by the people, means that the prospect of obtaining relief from the injury as a result of a favorable ruling is not too speculative.   Therefore, Plaintiff argues he has standing to bring this lawsuit, and that the case is ripe because the gun violence is ongoing and continuing.

**VIOLATION OF PLAINTIFF'S CIVIL RIGHTS PURSUANT TO 42 U.S.C.   § 1983:**

42 U.S.C. § 1983 reads in pertinent part as follows:

   "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

Plaintiff argues that his civil rights have been violated by all citizens possessing assault type weapons, whether in use, in home, or locked up. The most fundamental liberty that a United States Citizen has is his or her right to "Life, Liberty and the pursuit of Happiness" as written in the Declaration of Independence. This is the fundamental right that cannot be denied by the Constitution of the United States of America, including the Bill of Rights. Plaintiff argues that his most fundamental right is infringed upon due to the defendants' lack of ability to secure the Peoples' safety, this is a civil rights violation that cannot stand. In order to form a more perfect union, the people must adapt to the most fundamental rights guaranteed by the Declaration of Independence and the Constitution, even if the law in

question is an Amendment to the Constitution of the United States.   The Second Amendment must therefore be stricken down as a violation of the People's Rights even though it was once given to the people.   Although the violation did not exist at the time of the ratification of the Bill of Rights, the nature of our republic has changed to allow weaponry that the Framers could not envision.   Additionally, the Framers did not envision the nation as it is today with full protection from the police, national guard and military. Plaintiff therefore argues that the chilling effect on his speech and assembly automatically includes the right to life, liberty and the pursuit of happiness; all these fundamental laws being violated by the gun violence today the Framers did not envision.   Pursuant to 42 U.S.C. § 1983, Plaintiff argues that the defendants have failed to protect those rights most important to a free America.

The balancing test Plaintiff urges the court to employ is a balancing of the benefit created by the

Second Amendment guarantees of the gun user against the harm created in the First Amendment Freedoms of the Plaintiff (and the People) created by the Second Amendment guarantees. If the court should find that the harm created in the fundamental First Amendment Rights of the Plaintiff outweigh the benefits of the need of assault weapons, then the Plaintiff urges the court to injunct the use, sale, ownership, registration, and possession of assault weapons.


## CLAIM 2

**STANDING:** For the reasons cited above, there is no need to reestablish argument for standing.


Plaintiff's second and final civil rights claim pursuant to 42 U.S.C. § 1983 is a prayer for the court to invalidate and declare the Second Amendment unconstitutional. While there is no case precedent other than Prohibition of Alcohol Plaintiff can find as to the determination of an Constitutional Amendment to

be declared unconstitutional, Plaintiff argues that based upon historical cases that shaped our nation's civil rights laws, Plaintiff can shed some light on the blanket effect of the Second Amendment.

First, the Second Amendment is a limited Amendment. United States v. Miller, 307 U.S. 174 (1939) is one such case that limits the Second Amendment because it limits the type of weapon to which the right applies to those used by the militia. As stated above, America's militia has been replaced by the national guard, military, and state police organizations, but the core point is that the Second Amendment is not a fundamental right to the People. Fundamental rights require a level of scrutiny that is not presently used for Second Amendment violations and rights. Therefore, automatically, the Second Amendment becomes a blanket Amendment allowing those under guise to declare their right to bear arms and absolute right. This is simply a misinterpretation of the Second Amendment.

There once was a time when people of color were denied their freedoms. They were enslaved under the watch of the Constitution, they were denied civil rights under the watch of the Constitution, and there were hard times of segregation and hatred under the Constitution. It was not until Martin Luther King, Jr. led a march from Selma to Montgomery that the civil rights movement gained traction. *Brown v. Board of Education* was a court decision that preceded the march by more than ten years. Sometimes court decisions are hard to make despite the backlash that the court may experience, but without that decision in *Brown*, the civil right movement would have been ultimately limited.

Plaintiff argues that the court take notice of the massive protests against gun violence that have recently taken place and are vowed to continue. Although the timeframe is not the same as the civil rights movements, the court must act to prevent

injustice for the good of the People whether or not Congress wishes to act.

Plaintiff therefore demands that defendants ATF and DOJ submit to the declaration of the abolition of the Second Amendment under the power and authority of this court. Abolish it and let the Congress deal with it.

## RELIEF

Plaintiff prays to this court for the following relief:

A.  That the court injunct the sale, use, possession, ownership, and registration by the People of all firearms in the territory of the United States;

B.  That the court injunct the sale, use, possession, ownership, and registration by the People of all assault weapons;

C.   That the court determine the Second Amendment to be declared unconstitutional notwithstanding any other findings;

D.   That the court order Congress to enact reasonable and fair gun laws to protect the people of the United States and Plaintiff;

E.   That the court order defendants ATF and DOJ to submit to the findings of this case;

F.   Notwithstanding any other findings, that the court make any additional findings it should so order.

/
/
/
/
/
/
/
/
/
/

20

## EXECUTION OF COMPLAINT

Plaintiff, Bradley Jerrold Boschma, does hereby execute this Complaint for Injunction:

DATED: ___3 - 30 - 18___

_____

PLAINTIFF, Bradley Jerrold Boschma

In Pro Se

___26930 Whitehorse Place___

___Canyon Country, CA 91387___

ADDRESS

___(661) 645-1564___

TELEPHONE NUMBER

21

## MEMORANDUM OF POINTS AND AUTHORITIES

1.   The First Amendment of the U.S. Constitution;

2.   The Second Amendment of the U.S. Constitution;

3.   42 U.S.C. § 1983;

4.   28 U.S.C. § 1331;

5.   District of Columbia v. Heller, 478 F. 3d 370 (2008);

6.   Lujan v. Defenders of Wildlife, 112 S. Ct. 2130, 2136 (1992);

7.   United States v. Miller, 307 U.S. 174 (1939);

8.   Brown v. Board of Education, 347 U.S. 483 (1954);

9.   The Declaration of Independence.

# TABLE OF CONTENTS

1.   JURISDICTION AND VENUE……………………………………1

2.   FACTS OF THE COMPLAINT……………………………………2

3.   SUMMARY OF ARGUMENTS…………………………………4

4.   CLAIM 1…………………………………………………....10

5.   CLAIM 2…………………………………………………....16

6.   RELIEF………………………………………………………19

7.   EXECUTION OF COMPLAINT…………………………………21

8.   MEMORANDUM OF POINTS AND AUTHORITIES……………………22

9.   TABLE OF CONTENTS…………………………………………23