|     |     |     |
| --- | --- | --- |
|     | UNITED STATES DISTRICT COURT | |
|     | CENTRAL DISTRICT OF CALIFORNIA | |
|     | | |
|     | BRADLEY JERROLD BOSCHMA, | Case No. CV 18-2623-VAP (KK) |
|     | Plaintiff, | |
|     | v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
|     | BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, ET AL., | |
|     | Defendant(s). | |

## I.

## **INTRODUCTION**

On March 20, 2018, Plaintiff Bradley Jerrold Boschma ("Plaintiff"), proceeding <u>in forma pauperis</u> and <u>pro se</u>, filed a Complaint against defendants Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and United States Department of Justice ("DOJ") (collectively "Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"). For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

///
///
///
///

## II.
## **BACKGROUND**

On April 18, 2018, Plaintiff, proceeding pro se and in forma pauperis, filed a Complaint against Defendants. ECF Docket No. ("Dkt.") 1. The Complaint is brought under Section 1983 and alleges violations of Plaintiff's First Amendment rights. Id. Plaintiff alleges:

> Plaintiff is a non-gun owner who has been harmed because the ownership and use of semi-automatic assault weapons and various other guns, including registered firearms carried under a permit to carry, by citizens and criminals in public arenas has chilled his Freedom of Speech in a public arena or area, which Plaintiff believes is a direct violation of his fundamental rights guaranteed by the First Amendment of the Constitution.

Id. at 2. Plaintiff alleges Defendants "have the full governmental authority to regulate guns and gun safety pursuant to statutes enacted by Congress." Id. at 4.

In his prayer for relief, Plaintiff seeks, among other things, the court "injunct [sic] the sale, use, possession, ownership, and registration by the People of all firearms in the territory of the United States," and "determine the Second Amendment to be declared unconstitutional." Id. at 19-20.

## III.
## **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a

3

plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.
## PLAINTIFF DOES NOT HAVE STANDING TO BRING THE INSTANT ACTION

**A. RELEVANT LAW**

Article III of the United States Constitution "authorizes the judiciary to adjudicate only 'cases' and 'controversies.'" Davidson v. Kimberly-Clark Corp., No. 15-16173, 2018 WL 2169784, at *7 (9th Cir. May 9, 2018). "[A]n essential and unchanging part of the case-or-controversy requirement" is that the plaintiff have standing to pursue his claims. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992). To satisfy the Article III standing requirement, a plaintiff must show (1) that he has suffered an "injury in fact"; (2) that there is a "causal connection between the injury and the conduct complained of"; and (3) that it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" Id. at 560-61 (quoting Simon v.

Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 38, 96 S. Ct. 1917, 1924, 48 L. Ed. 2d 450 (1976)).

A plaintiff does not have standing "to challenge laws of general application where [his] own injury is not distinct from that suffered in general by other taxpayers or citizens." Hein v. Freedom from Religion Found., Inc., 551 U.S. 587, 598 (2007). "The party who invokes the [judicial] power must be able to show ... that he has sustained or is immediately in danger of sustaining some direct injury ... and not merely that he suffers in some indefinite way in common with people generally." Commonwealth of Massachusetts v. Mellon, 262 U.S. 447, 488, 43 S. Ct. 597, 67 L. Ed. 1078 (1923). Hence, "[a] litigant 'raising only a generally available grievance about government–claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large–does not state an Article III case or controversy.'" Hollingsworth v. Perry, 570 U.S. 693, 706, 133 S. Ct. 2652, 2662, 186 L. Ed. 2d 768 (2013); see Lujan v. Defenders of Wildlife, 504 U.S. 555, 576 (1992) ("Vindicating the *public* interest (including the public interest in Government observance of the Constitution and laws) is the function of Congress and the Chief Executive." (emphasis in original)).

In order to satisfy the causality element, a plaintiff must show his alleged injury is "fairly traceable" to the defendant's actions and "not the result of misconduct of some third party not before the court." Washington Environmental Council v. Bellon, 723 F.3d 1131, 1141 (9th Cir. 2013) (citing Lujan, 504 U.S. at 560-61). Thus, "where the causal chain involves numerous third parties whose independent decisions collectively have a significant effect on plaintiffs' injuries, . . . the causal chain is too weak to support standing." Native Vill. of Kivalina v. ExxonMobil Corp., 696 F.3d 849, 867 (9th Cir. 2012) (citations, quotations, and bracket omitted).

The "fairly traceable" requirement overlaps with the "redressability" requirement. Allen v. Wright, 468 U.S. 737, 753, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984). The two requirements are "two facets of a single causation requirement." Id. at 753 n. 19. In order to satisfy the redressability prong, a plaintiff must establish "a substantial likelihood" that his injury will be "redressed by a favorable judicial decision." Bellon, 732 F.3d at 1146 (citing Wolfson v. Brammer, 616 F.3d 1045, 1056 (9th Cir. 2010)).

**B.   DISCUSSION**

Here, Plaintiff fails to satisfy the requirements for Article III standing.

First, Plaintiff fails to satisfy the "injury in fact" requirement. Plaintiff argues he has been injured because his First Amendment rights have been chilled by Defendants' failure to enact and enforce gun control legislation. However, Plaintiff fails to explain how the purported harm to him is different than that imposed on all members of the public. Lujan, 504 U.S. at 575 (a plaintiff does not have Article III standing where the impact on plaintiff is plainly undifferentiated and common to all members of the public). Thus, Plaintiff's claim only raises a generally available grievance about government, which is insufficient to establish Article III standing. See Hollingsworth, 570 U.S. at 706; Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 482-83, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982) (noting that the Supreme Court "repeatedly has rejected claims of standing predicated on the right possessed by every citizen to require that the Government be administered according to law"); Patterson v. United States Senate, No. C 13-2311 SBA, 2014 WL 1349720, at *4 (N.D. Cal. Mar. 31, 2014), aff'd, 667 F. App'x 962 (9th Cir. 2016) (holding plaintiff failed to satisfy injury in fact requirement where plaintiff "has not shown that his alleged harm is personal to him as an individual, as opposed to an injury shared equally with his fellow citizens").

Second, Plaintiff fails to adequately allege his injury is "fairly traceable" to Defendant's actions in allegedly failing to enforce or enact gun legislation. Plaintiff's argument is premised on a causal link from the failure to enact legislation to Plaintiff's neighborhood being unsafe. However, this "casual chain" includes numerous third parties, most significantly, the individuals who commit acts of gun violence. In addition, Plaintiff has not shown that, but for Defendants' actions, legislation that would have directly benefited him in a personal way would have become law. See Patterson, 2014 WL 1349720, at *7 (finding plaintiff's "claimed injury is too speculative and remote to satisfy Article III's causation requirement" where plaintiff failed to show "the legislation would have been passed by both the Senate and House and signed by the President"). This attenuated causal chain involving multiple third parties is simply too weak to support standing. See Bellon, 732 F.3d at 1142 ("[W]here the causal chain involves numerous third parties whose independent decisions collectively have a significant effect on plaintiffs' injuries, ... the causal chain is too weak to support standing." (citation omitted)).

Relatedly, Plaintiff fails to adequately allege his injury will be "redressed by a favorable judicial decision." While Plaintiff seeks broad gun regulation, there is no basis for this Court to find such regulation would prevent individuals from unlawfully purchasing, possessing, and manufacturing firearms. Moreover, there is no basis for this Court to find such regulation would prevent individuals from ultimately committing acts of gun violence. Finally, Plaintiff seeks judicial redress this Court does not have the authority to provide. See Const. Art. V; State of Rhode Island v. Palmer, 253 U.S. 350, 353, 40 S. Ct. 486, 487, 64 L. Ed. 946 (1920) ("Power to amend the Constitution was reserved by article 5" of the Constitution); Newdow v. U.S. Congress, 328 F.3d 466, 484 (9th Cir. 2003), rev'd on other grounds by Newdow, 542 U.S. 1 ("[I]n light of the Speech and Debate Clause of the Constitution, Art. I, § 6, cl. 1, the federal courts lack jurisdiction to issue orders directing Congress to enact or amend legislation."). Hence, Plaintiff fails to

establish "a substantial likelihood" that his injury will be "redressed by a favorable judicial decision." See Bellon, 732 F.3d at 1146.

Accordingly, Plaintiff has failed to sufficiently allege standing to pursue his claim.

## V.
## LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a

8

preceding complaint is waived if it is not raised again in the First Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

Dated: May 16, 2018

HONORABLE KENLY KIYA KATO
United States Magistrate Judge